UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT M. EVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-153-TAV-DCP |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1] and Complaint [Doc. 2]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application [**Doc. 1**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff names the United States of America, the Commissioner of Internal Revenue ("IRS"), and John Does 1-50 in their individual and official capacities as Defendants [Doc. 2 p. 1]. He submits that the Court has original jurisdiction under 28 U.S.C. § 1331 and 26 U.S.C. § 7433 [*Id.*]. Plaintiff claims that sovereign immunity is waived under the Taxpayer Bill of Rights and the Americans with Disabilities Act ("ADA"), contending that "[p]er the Supremacy Clause, no state or federal actor has immunity to purposefully disregard the statutory extinguishment of

debt under 28 U.S.C. § 6311(b)" [*Id.*]. According to Plaintiff, on June 21, 2024, "a settlement payment was issued" [*Id.* at 2]. "On June 27, 2024, the U.S. Treasury accepted and cleared this payment through FRB CLEVELAND / OTCNET" [*Id.* (citing Doc. 2-2)]. Plaintiff contends that "[p]ursuant to 26 U.S.C. § 6311(b), the liability was extinguished as a matter of law the moment the Treasury accepted the check" [*Id.*]. Plaintiff claims, "Defendants intentionally bypassed the 'Extinguishment Rule' and reinstated a 'Void' balance of $17,496.03, as evidenced by the fraudulent write-back on the Account Transcript" [*Id.*]. He further represents, "Defendants were notified of Plaintiff's life-threatening cardiac condition via Form 911 and Dr. Mehmood's Medical Certificate," but that "they [] ignored this 'Emergency Path,' maintaining a fraudulent lien that causes irreparable physiological stress" [*Id.*].

Plaintiff alleges one count of unauthorized collection under 26 U.S.C. § 7433, contending that "Defendants recklessly and intentionally disregarded 26 U.S.C. § 6325(a), which mandates the release of a lien within 30 days of satisfaction" [*Id.*]. Plaintiff requests a "[m]andatory [i]njunction ordering the immediate issuance of a Certificate of Release (Form 668-Z) . . . [s]tatutory damages of $1,000,000 for intentional disregard of the law, [and] [a]n order striping the John Doe defendants of any immunity for their private-capacity fraud" [*Id.* at 2–3].

**B. Screening of the Complaint**

Plaintiff contends that this Court has jurisdiction pursuant to "28 U.S.C. § 1331 (Federal Question) and 26 U.S.C. § 7433" [*Id.* at 1]. The latter statute is a limited waiver of sovereign immunity and provides for the recovery of damages resulting from unauthorized collection activities when "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision or any regulation promulgated under this title." 28 U.S.C. § 7433(a).

Here, Plaintiff contends that Defendants violated 26 U.S.C. § 6325(a). This statute provides:

> (a) Release of lien: Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—
>
> > (1) Liability satisfied or unenforceable
> >
> > The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; or
> >
> > (2) Bond accepted
> >
> > There is furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

Plaintiff states "The taxpayer's federal tax liability was fully satisfied on June 27, 2024, by direct payment to the United States Treasury, presented through FRB Cleaveland / OTCNET and accepted by Treasury" [Doc. 2-4 p. 2]. Plaintiff contends that "[d]espite full satisfaction of the liability, the IRS reinstated the balance, assessed interest and penalties, and filed and/or maintained a federal tax lien against the taxpayer's primary residence" [*Id.*]. According to Plaintiff, "[t]his constitutes wrongful collection under 26 U.S.C. § 6343(a)(1)(A) and triggers a mandatory lien release and withdrawal under 26 U.S.C. §§ 6325(a)(1) and 6323(j)" [*Id.*]. Moreover, Plaintiff maintains that because he is "medically incapacitated, suffering a serious cardiac condition . . . [c]ontinued collection activity has caused severe economic hardship and medical risk, requiring immediate intervention under IRM 5.1.9 (Taxpayer Hardship)" [*Id.*].

In order to release a lien under § 6325(a), however, the IRS has to have "made an actual or constructive finding that the liens were satisfied or legally unenforceable . . . " *Mitchell v. United*

*States*, No. 21-10889, 2022 WL 1049304, at *4 (E.D. Mich. Apr. 7, 2022). Here, it is unclear to the Court that when Plaintiff made his payment on June 27, 2024, the IRS made any finding regarding his lien that would have released Plaintiff's liability.

Further, the Court may not have jurisdiction over Plaintiff's request of "[a] mandatory injunction ordering the immediate issuance of a Certificate of Release (Form 668-Z)" [Doc. 2 p. 2]. "The Anti-Injunction Act . . . bars any 'suit for the purpose of restraining the assessment or collection of any tax.'" *CIC Servs., LLC v. Internal Revenue Serv.*, 593 U.S. 209, 211 (2021) (quoting 26 U.S.C. § 7421(a)). While there are two limited exceptions, Plaintiff has not identified any evidence to support either exception to the Anti-Injunction Act. *See Morris v. United States*, 540 F. App'x 477, 481–83 (6th Cir. 2013); *see also MBI Motor Co., Inc. v. Lotus/East, Inc.*, 399 F. Supp. 774 (E.D. Tenn. 1975) (stating "the Court has no jurisdiction to interfere in such matters save in extraordinary circumstances, which are not here present.").

As for Plaintiff's claims against John Doe Defendants 1–50, "[g]overnment officials enjoy official immunity from lawsuits against them in their individual capacity for their official functions." *McBratnie v. Rettig*, No. 21-CV-12264, 2022 WL 18958901, at *4 (E.D. Mich. Sept. 14, 2022) (citing *White v. Boyle*, 538 F.2d 1077, 1080 (4th Cir. 1976)), *aff'd*, No. 22-1915, 2023 WL 10477135 (6th Cir. Aug. 14, 2023). "Qualified immunity also shields government officials in their official capacity performing discretionary functions from civil liability unless their conduct violates clearly established law." *Id.* (citing *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013)). Here, Plaintiff alleges that these "agents . . . manually 'reinstated' a satisfied debt on the October 2025 Transcript" [Doc. 2 p. 2 (citing Doc. 2-1)]. It appears that the actions Plaintiff's alleges were actions taken in the execution of the IRS agents' duties, and therefore, the John Doe Defendants may have immunity from suit.

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

> a) the names and titles of all [defendants if known];
>
> b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
>
> c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
> d) . . . the location where each relevant event occurred;
>
> e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff's suffered; and
>
> f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **December 7, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge